# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

SOPHIA OLDHAM,

               Plaintiff,

    vs.

CREDIT CONTROL SERVICES, INC. D/B/A
CREDIT COLLECTION SERVICES, Does 1-10
inclusive,

              Defendant.

CASE NO.: 2:23-cv-01946-KJM-KJN

## *AGREED PROTECTIVE ORDER*

Upon request of the parties, the Court is of the opinion the following Order should be entered. Accordingly,

**IT IS ORDERED** that:

1.  The purpose of this Order is to prevent the disclosure of documents and information deemed Confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit, those who have completed the Consent to be Bound by Protective Order or those who counsel for both parties agreed that the disclosure of Confidential Information is necessary. Among other reasons, this Order is necessary to protect the parties' private, non-public financial information and the defendants' proprietary and/or copyrighted/copyrightable documents and policies related to collection matters. The privacy interests in such documents and information substantially outweigh the public's right of access to judicial records. All Confidential Information produced or exchanged in the course of this lawsuit shall be used solely for its preparation and trial, and for no other purpose whatsoever. Confidential

Information shall not be disclosed to any person except in accordance with the terms of this Order. Nothing in this Order waives the privacy rights of any putative class member.

2.   Scope.  All materials produced or adduced in the course of discovery, including any portion of the parties' initial disclosures, answers to interrogatories, responses to requests for admission, documents produced in response to requests for production of documents or subpoenas and deposition testimony and deposition exhibits that are designated by the producing party as "Confidential", defined below in  paragraph  3. Documents and written discovery responses may be designated as Confidential by legibly marking the originally produced or provided copies as "Confidential". Portions of deposition testimony and deposition exhibits may be designated as Confidential on the record during the deposition, or in writing to all counsel of record within twenty-one days (21) after the transcript is delivered to any party or the witness, unless otherwise ordered by the Court or agreed upon by the parties.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.   "Confidential" Information shall include information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) personal financial information, income tax returns (including attached schedules and forms); or (c) information that should otherwise be subject to Confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, as well as any information subject to Confidentiality pursuant to any state or federal statute or rule. The designation "Confidential" does not include information or materials available to the public. Confidential information may include, but not be limited to, information that is not already publicly available such as:

a.      Sensitive Commercial Data, such as Confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data;

b.       Sensitive Personal Data, such as personal identifiers, financial information, tax records and employer personnel records;

c.      Personnel records;

d.      Financial information not publicly filed with any federal or state regulatory authorities or not contained within any publicly available quarterly or annual reports; and

e.      Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure by statute or rule.

4.      All such "Confidential" designations shall be made in good faith by the Designating Party and shall be made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate documents, information or testimony as Confidential after such inadvertent failure subject to the protections of this Protective Order.  No party shall be found to have violated this Order for failing to maintain the Confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential.

5.   If any party believes a document not falling within the scope of Paragraph 3 should nevertheless be considered Confidential, the parties shall meet and confer, and absent an agreement the party seeking Confidential treatment may apply to the Court for an Order designating such document as Confidential. Such application shall only be granted for good cause shown.  The designating party shall bear the burden and expense of seeking protection from the Court and demonstrating the propriety of the designation and treated of the document as Confidential.

6.   Confidential Information shall not be disclosed or made available to persons other than Qualified Persons.  The "Qualified Person" means:

    a.   Attorneys of record in this case (including their partners, associates, legal assistants and briefing clerks) and regular clerical employees to whom it is necessary that the material be shown for the purposes of this litigation;

    b.   Each party or such party's appointed representative(s);

    c.   Any third party expert or consultant retained by counsel to assist in the preparation of this case who is not employed by, affiliated with, or associated with a party, or to testify at trial or any other proceeding in this case;

    d.   Any person testifying at a deposition, hearing or at trial, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Confidential Information. Witnesses shall not retain a copy of the documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their deposition in connection with review of the transcripts, but shall not retain the exhibits following review of the transcripts;

    e.   Any person who authored, furnished or previously received the material;

    f.   Independent contractors such as commercial photocopying services, printers or vendors hired to process electronically stored documents;

    g.   Stenographic reporters and videotape technicians engaged in deposition proceedings and their regularly employed staff;

    h.   The Court and its personnel;

    i.   Any other person designated as a Qualified Person by written consent of the producing party or order of this court, after notice and hearing to all parties; and

    j.   Subpoena Respondents.  Third-party entities that are not named as parties to this lawsuit but have been served with a lawful subpoena related to this lawsuit and are required to disclose information in response to that subpoena but only after counsel for both parties have agreed that the disclosure of Confidential Information to the third party entities is necessary.

7.   With the exception of the persons designated under paragraph 3(a), (b) and 3(h), before any Confidential Information may be disclosed or disseminated to any person identified in paragraph 3, that person must sign a Consent to be Bound by Protective Order reciting that they have read the Agreed Protective Order, promises to fully comply, consents to the jurisdiction of this Court in connection with the enforcement of the Agreed Protective Order and to be bound by its terms. Copies of the consents will be provided to the opposing party or parties upon request at the conclusion of this lawsuit.

8.   All persons receiving or given access to Confidential discovery material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

9.   Any non-party who is producing discovery materials in this litigation may obtain the benefits of the terms and protections of this Protective Order by designating pursuant to the terms of this Protective Order as "Confidential" the discovery materials that the non-party is producing.

10. Any party desiring to disclose to the Court any Confidential information shall:  (a)  file under seal with the Clerk of the Court an original of the filing containing the Confidential information; (b) file in the public record with the Clerk of the Court a copy of the filing with the Confidential information redacted therefrom;  (c) serve the opposing party an unredacted copy of the document filed containing Confidential Information; and (4) submit under seal to the Court in chambers a copy of the filing containing the Confidential information; or as otherwise directed by Local Rules and/or the Clerk's Office.

11. Nothing in this Order shall prohibit any party from using its own Confidential Information or the testimony of its own employees or representatives in any manner consistent with this Order, the Federal Rules of Civil Procedure, Local Rules and Federal Rules of Evidence.

12. A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge and shall not constitute an admission as to the propriety of the designation or a waiver of the right to challenge the designation at trial or hearing on the merits. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first attempt to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the party objecting to the Confidential designation can move the Court, with notice to the opposing party, for an order to overrule the designated status of this information.  The designating party will

have the burden in any such challenge of demonstrating the propriety of the Confidential designation.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential under the terms of this Order.

13. The parties may, by written stipulation, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Agreed Protective Order.

14. The entry of this Protective Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

15. All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees, and agents comply with this Protective Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Protective Order.

16. If, in the course of the litigation, any party should discover Confidential Information that it believes requires a higher level of protection than that provided under this Protective Order, the parties shall meet and confer. If agreement cannot be reached, the parties may seek a Court order regarding protection for that information.

17. This Protective Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.

18. During the pendency of this litigation only, this Court shall retain jurisdiction over all persons and entities subject to this Protective Order to the extent necessary to enforce any obligations or to impose sanctions for any contempt thereof.

19. If a receiving party is served with a subpoena or an order issued in other litigation or other process issued by a court, or an administrative or legislative body that would compel disclosures

of any material designated in this action as Confidential, the receiving party must notify the designating party in writing within three (3) court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena, court order or other process. The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear that burden and expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligation set forth in this paragraph remain in effect while the party has in it is possession, custody or control Confidential Information by the other party to this case.

20. Nothing in this Protective Order shall limit or circumscribe in any manner any rights the parties may have under common law or pursuant to any statute, regulation, or ethical canon.

21.     Within thirty (30) days after the final conclusion of this lawsuit and after all appeals have been exhausted, any party may request in writing that another party return all Confidential Information designated or produced by the requesting party and all copies thereof, unless:

    a. the document has been offered into evidence or filed without restriction as to disclosure;

b. the parties agree to destruction in lieu of return.[1] Within ten (10) business days of receipt of such a request, copies of the executed Consent to be Bound by Protective Order shall be provided to the party requesting return of Confidential Information.

22.   The party requesting return of Confidential Information shall forward its request for return of Confidential Information to those Qualified Persons who signed a Consent to be Bound by Protective Order under Paragraph 4, at the address of the Qualified Person. Within forty-five (45) days of receipt of such request, the receiving party or Qualified Person shall return to the producing party any Confidential Information, and all copies thereof, in that receiving party's or Qualified Person's possession. The term "conclusion of this lawsuit" means the date on which a final order of judgment has been entered from which no appeal lies or from which no review can be taken, or the date upon which a settlement of all claims in this case is finalized.

23. Filing of Confidential Information with the Court shall not change the Confidential nature of that information or the obligations of the parties, Qualified Persons and Consents under this Agreement with respect to that information.

24. Except as provided in Paragraph 8 herein or order of this Court, this Agreed Protective Order and any other protective orders entered in this action shall continue to be binding at the conclusion of this litigation.

25. This Order shall not bar any attorney in the course of rendering advice to his client with respect to this litigation from conveying to such client his evaluation of Confidential Information produced or exchanged herein.

---

[1]  The parties agree that the receiving party shall destroy documents containing Confidential Information in accordance with their respective firm's document destruction policy and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return emails (including attachments to emails) that mail include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports.

Agreed:

ATTORNEYS FOR PLAINTIFF

*s/Gerardo J. Sosa*
TODD M. FRIEDMAN
ADRIAN R. BACON
GERARDO J. SOSA
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21301 Ventura Blvd, Suite 340
Woodland Hills, CA 91364


ATTORNEYS FOR DEFENDANT

*s/Tomiko A. Ortiz*
SEAN P. FLYNN (SBN: 220184)
TOMIKO A. ORTIZ, Esq. (SBN: 346789)

**GORDON REES SCULLY MANSUKHANI**
1 E. Liberty Street, Suite 424
Reno, NV  89501

LORI J. QUINN, Esq. (Bar #: LQ1468) *pro hac vice*
**GORDON REES SCULLY MANSUKHANI**
One Battery Park Plaza, 28th Floor
New York, NY 10004

## ORDER

The court has reviewed the parties' stipulated protective order.  (ECF No. 15.)  The stipulation comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1.  The court APPROVES the protective order, subject to the following clarification.  Once an action is closed, "the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case).  Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  December 22, 2023

oldh.1946

KENDALL J. NEWMAN
10   UNITED STATES MAGISTRATE JUDGE

Protective Order(84378381

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

SOPHIA OLDHAM,

                Plaintiff,

    vs.

CREDIT CONTROL SERVICES, INC. D/B/A
CREDIT COLLECTION SERVICES, Does 1-10
inclusive,

                Defendant.

CASE NO.: 2:23-cv-01946-KJM-KJN

## <u>CONSENT TO BE BOUND BY PROTECTIVE ORDER</u>

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Agreed Protective Order regarding Confidential Information produced in discovery, entered November, 2023, (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Consent to be Bound by Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential discovery material, in any form whatsoever, and that such Confidential discovery material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the Confidentiality of such discovery material and further information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of Court.

Date:

By:_____

_____
Print Name
_____
Company
_____
Address
_____
Email Address
_____
Telephone Number: